R. H. Stanley, Esq., for plaintiff.

C. C. Harris, Esq., for defendant.

## SUPREME COURT—IN PROBATE.

IN THE MATTER OF THE PROOF OF THE WILL OF NANINO, DECEASED.

THE provisions of Section 1474 of the Civil Code, limiting the time for the probate of wills, have no reference to the wills of testators deceased prior to the passage of that law, and the limitation therein imposed, does not apply to them.

At Chambers, before Chief Justice ALLEN and Justice DAVIS.

The will of Nanino was presented for probate before Mr. Justice DAVIS, on January 21st, A. D. 1865; it was dated and executed in December, 1855, and it appeared in evidence that the testator died on the 6th of January, 1856.

Wherefore the Court ruled, that as more than five years had elapsed since the death of the testator, and since the passage of the law, the will could not be admitted to probate, as by the Civil Code, "No written will shall be allowed to be proved after the expiration of five years from the death of the testator."

From this decision the petitioners appealed.

It is contended that the provisions of the Civil Code do not operate as a limitation, as by its terms it does not apply to the

case at bar, and if it did it would have a retrospective opera-
tion, which is interdicted by express provisions of the Code.

Prior to the statute referred to, there had been no limitation
to the admission of wills to probate.

. Mr. Justice Tenny in the case of Givin vs. Mann, 27 Maine
Reports, p. 223, says that "no statute is to be held retrospec-
tive, as in violation of any constitutional provision, when it
affects rights, unless such shall be the necessary construction."
What is the necessary construction of the statute in question?
Admitting that the Legislature had the power to pass a statute
of limitation as to the proof of wills made prior to its date,
does this statute in its terms so declare? If it applies to the
past, it would be very unequal in its operations, as the time of
limitations is computed from the date of application for probate
retrospectively to the death of the testator. In some cases it
might be a day, and in others five years, or any time intermedi-
ate. Had the Legislature intended that the act should apply
to wills where the testator had deceased, there would doubtless
have been inserted some provisions giving the same term of
five years or some precise time for that class of wills presented
for probate. In the statute of limitations applicable to per-
sonal actions, the legislation has been as follows, viz :

On the 1st day of August, 1853, an Act took effect, limiting
the time of commencing personal actions, with the express
provision that it was not to apply to any action commenced,
nor to any causes where the right of action shall have accrued
before the time when this Act took effect as a law ; but the
same shall remain subject to the law now in force. By the
Civil Code, there is a provision that in all cases where the right
of action shall have accrued prior to the 1st day of August,
1853, no action shall be maintainable, unless the same shall be
commenced before the 1st day of August, 1859. In this legis-
lation, as much time has been given to the debts contracted
prior to 1853 as those contracted subsequently. The provi-
sions in question have reference to wills made subsequent to
the passage, and that in its terms it has no reference to the
past, and therefore, whatever the rule might be, had the limi-
tation been made applicable to them, as it was not, it only
applies to the future, and therefore does not impose the limita-

tion on the will in question. There were other points presented to the Court, in a very creditable manner by the counsel for petitioner, but it becomes unnecessary to consider them, as the judgment of the Court of Probate is hereby reversed, and the case remanded to said Court for hearing.

December, 1865.